# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff(s)<br><br>vs.<br><br>AVERY SMARTT<br><br>Defendant(s) | Case Number: 18-CR-30138-NJR-1<br>**FILED UNDER SEAL** |

## DEFENDANT'S FIRST MOTION IN LIMINE TO PREVENT THE GOVERNMENT FROM ELICITING EVIDENCE OF THE DEFENDANT'S BAD ACTS

COMES NOW the Defendant, by and through his attorney, David L. Brengle, and in support of his "DEFENDANT'S FIRST MOTION IN LIMINE TO PREVENT THE GOVERNMENT FROM ELICITING EVIDENCE OF THE DEFENDANT'S BAD ACTS", he offers the following:

### Evidence of Paternity

1. Undersigned counsel expects that government witness will attempt to elicit DNA evidence that Mr. Smartt had sexual intercourse with the complaining witness and fathered a child with the complaining witness.

2. Whether or not Mr. Smartt had sexual intercourse with the complaining witness or fathered a child with the complaining witness is not relevant to an inquiry into whether he produced an illegal image. While undersigned counsel does not concede to the relevancy of this information, to the extent it might be relevant, it is substantially outweighed by the danger of unfair prejudice to the defendant. FRE 403.

3. The charge in this case only requires the government to show that the defendant persuaded a minor "to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct". (Doc. 1).

4. If the government introduces even a portion of the pictures it showed to undersigned counsel, these pictures clearly depict sexually explicit conduct. Whether or not Mr. Smartt fathered a child with the complaining witness has no impact on the sexually explicit conduct depicted in the pictures the government intends to introduce.

5. Attempts at offering evidence that the defendant may have had sexual intercourse with the complaining witness or that the defendant may have fathered a child with the complaining witness is simply an attempt at offering propensity evidence and such actions would violate Federal Rules of Evidence 401, 403, and 404.

6. Recently, the Seventh Circuit changed its law related to propensity evidence:

> In sum, to overcome an opponent's objection to the introduction of other-act evidence, the proponent of the evidence must first establish that the other act is relevant to a specific purpose other than the person's character or propensity to behave in a certain way.  See FED.R.EVID. 401,402,404(b). Other-act evidence need not be excluded whenever a propensity inference can be drawn.  But its relevance to "another purpose" must be established through a chain of reasoning that does not rely on the forbidden inference that the person has a certain character and acted in accordance with that character on the occasion charged in the case.  If the proponent can make this initial showing, the district court must in every case assess whether the probative valuce of the other-act evidence is substantially outweighed by the risk of unfair prejudice and may exclude the evidence under Rule 403 if the risk is too great.  The court's Rule 403 balancing should take account of the extent to which the non-propensity fact for which the evidence is offered is actually at issue in the case. *United States v. Gomez*, 763 F.3d 845, 855 (7th Cir. 2014).

7. Here, the government might allege the non-propensity fact for which this other-act evidence is supposedly relevant to is to show that the defendant allegedly persuaded a minor to engage in sexually explicit conduct. However, if the government is to be believed, the defendant persuaded the minor to engage in sexually explicit conduct in posing for the pictures at issue.  Whether or not the defendant had sexual intercourse with the

complaining witness or whether the complaining witness became pregnant with the defendant's child, is not at issue in this case.

## Multiple Images of Child Pornography

1. Mr. Smartt is charged with a single count of production of child pornography in violation of 18 U.S.C. § 2251(a) and Attempted Tampering with a Victim. Counsel believes the Government will attempt to prove Mr. Smartt took a lascivious photograph of the alleged victim's vagina with an electronic device on or about January 29, 2017.

2. Undersigned counsel believes the government intends to offer as evidence approximately 10 -15 pictures alleged to be child pornography depicting the complaining witness.[1]

3. The Government need not introduce uncharged alleged instances of child pornography production in order to prove their single count that allegedly occurred on January 29, 2017.

4. The introduction of multiple child pornography images in this trial violates Federal Rule of Evidence 401, 403, and 404(b).

- The government must prove beyond a reasonable doubt that the defendant produced the child pornography included in Count 1. Whether or not the defendant produced child pornography not listed in Count 1 is not at issue in this case and is not relevant and it represents inadmissible "propensity" evidence in violation of Federal Rule of Evidence 401, 403, and 404(b). Even if there was some minor relevancy associated with these additional photos, the danger of unfair prejudice to the defendant substantially outweighs this relevance.

---

[1] The government allowed undersigned counsel to view all of the images they intend to introduce at a conference with the case agent. At that meeting, undersigned counsel neglected to count all of the images so he is unsure of the exact number of images in the government's possession. In retrospect, it would have been prudent to count the images. Nevertheless, undersigned counsel believes the government intends to introduce multiple images of alleged child pornography, whilst submitting one charged picture.

### Application of *Gomez* to this Case

Undersigned counsel would respectfully suggest that prosecutors, with some regularity, offer evidence other-act evidence claiming that it shows the defendant's intent. The *Gomez* decision offers cautionary wisdom on this issue:

> To summarize, then, when intent is not "at issue" - when the defendant is charged with a general-intent crime and does not meaningfully dispute intent - other-act evidence is not admissible to prove intent because its probative value will always be substantially outweighed by the risk of unfair prejudice. In contrast, when intent is "at issue" - in cases involving specific-intent crimes or because the defendant makes it an issue in a case involving a general-intent crime - other-act evidence may be admissible to prove intent, but it must be relevant without relying on a propensity inference, and its probative value must not be substantially outweighed by the risk of unfair prejudice. And again, the degree to which the non-propensity issue actually is contested may have a bearing on the probative value of the other-act evidence.

*Id.* at 859. Here, the defendant will not make intent an issue other than to say that the government failed to prove its case beyond reasonable doubt. If the defendant makes intent "an issue", then the government might be allowed to introduce some or all of their other act evidence in this case, if its probative value is not substantially outweighed by the danger of unfair prejudice.

Undersigned counsel would respectfully suggest *Untied States v. Ciesiolka* offers apt guidance for this Court. In *Ciesiolka*, the Seventh Circuit found an abuse of discretion when previous sexually explicit messaged between the defendant and third parties (as well as other evidence, including child pornography were admitted as Rule 404(b) evidence in another enticement prosecution—albiet in a case with a unique set of facts:

> Our concern regarding the absence of any considered explanation is magnified by our belief that the cumulative impact of the Rule 404(b) evidence may have been unacceptably prejudicial vis-á-vis its probative value. **We have previously explained that the Rule 403 standard incorporated in the requisite test for admitting evidence under Rule 404(b) has teeth.** We have emphasized

>that "[a] rule that a judge may admit all evidence that the defendant committed crimes of similar varieties produces the gravest risk of offending the central prohibition of Rule 404(b): 'Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.'" We find just such a risk present in the instant case. The district court allowed mountains of Rule 404(b) evidence, much of which was highly prejudicial, to be introduced in a seemingly unconstrained way.

*United States v. Ciesiolka*, 614 F.3d 347, 357-58 (7th Cir. 2010), quoting *United States v. Beasley*, 809 F.2d 1273, 1278-79 (7th Cir. 1987).

WHEREFORE, the Defendant respectfully requests this Court order the government to instruct its witnesses to refrain from offering evidence or eliciting testimony about the defendant allegedly engaging in sexual intercourse with the complaining witness or fathering a child with the complaining witness and that the Court prevent the government from introducing multiple images of uncharged child pornography.

Respectfully Submitted,

/s/ David L. Brengle
DAVID L. BRENGLE
Assistant Federal Public Defender
650 Missouri Avenue, Room G10A
East St. Louis, Illinois 62201
(618) 482-9050

ATTORNEY FOR AVERY SMARTT

CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he has caused a true and correct copy of the foregoing to be served upon:

Laura V. Reppert
Assistant United States Attorney
Nine Executive Drive, Suite 300
Fairview Heights, Illinois 62208

via electronic filing with the Clerk of the Court using the CM/ECF system this 29th day of September, 2020.

/s/ David Brengle
DAVID BRENGLE