IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**AVERY SMARTT,**<br><br>        **Defendant.** | Case No. 3:18-CR-30138-NJR-1 |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court are seven Motions in Limine filed by Plaintiff United States of America ("United States") (Doc. 38) and one Motion in Limine filed by Defendant Avery Smartt ("Smartt") (Doc. 82). For the reasons set forth below, the Court grants in part and denies in part the motions.

**I.**     **Government's Motion *in Limine* to prohibit evidence or arguments regarding a potential sentence (Doc. 38)**

The United States seeks an order barring any evidence, argument, or witness examination regarding any potential penalty to be imposed on Defendant if he is convicted.

The Seventh Circuit has upheld a district court's refusal to allow arguments regarding the fairness of a potential sentence, stating in *United States v. Johnson*, 502 F. 2d 1373 (7th Cir. 1974), that the jury's function is solely to determine guilt or innocence, and matters relating to potential sentencing merely serve to distract the jury from this issue.

The Supreme Court has similarly held in *Shannon v. United States*, 512 U.S. 573 (1994), that the jury should not be informed of the consequences of the verdict where it has no role in sentencing.

Smartt indicated in the Final Pretrial Conference on October 6, 2020, that he did not object to this motion. Accordingly, the motion is granted.

II.     **Government's Motion in Limine on Evidence of Consent (Doc. 38)**

The Government seeks an order barring evidence or arguments regarding the victim's consent in engaging in sexual conduct with the Defendant. Federal Rule of Evidence 401 defines relevant evidence as that which tends to make a relevant fact more or less probable. Consent or lack thereof is not an element of the charge in this action and cannot be used as a defense, thus it is not relevant. Smartt indicated in the recent Final Pretrial Conference that he did not object to this motion. Accordingly, the motion is granted.

III.    **Government's Motion in Limine Regarding Mistake of Age (Doc. 38)**

The Government seeks an order precluding Defendant from making any argument that Defendant's mistake as to the victim's age is or should be a defense to the crime charged.

Knowledge of a victim's age is not an element of the offense charged, and lack of knowledge or mistake is not a valid defense to the charge. *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 77, n. 5 (1994). Smartt indicated in the Final Pretrial Conference that he did not object to this motion and did not intend to attempt to present a defense based on mistake of age. Both Smartt and the Government agreed, however, that

evidence regarding the complaining witness's statements about her age may be used to impeach the complaining witness's testimony. With that caveat, the Motion is granted.

### IV. Government's Motion in Limine Regarding Exculpatory Statements by Smartt (Doc. 38)

The Government seeks an order precluding Defendant from presenting evidence regarding exculpatory statements that he made in interviews with law enforcement.

The Seventh Circuit has distinguished situations where defendants seek to introduce exculpatory statements from situations where the Government seeks to introduce such statements, noting that where the prosecution offers similar evidence it functions as a statement by a party opponent and thus falls into an exception to hearsay, while permitting a defendant to offer such evidence would serve as an avenue to putting exculpatory statements before the jury without having to testify. *See, e.g.*, *United States v. Davenport*, 929 F.2d 1169, 1175 (7th Cir. 1991). Smartt indicated in the Final Pretrial Conference that he did not object to this motion and did not intend to attempt to introduce such statements. Accordingly, the Motion is granted.

### V. Government's Motion in Limine Regarding References to Smartt's Mental Health (Doc. 38)

The Government seeks an order precluding introduction of evidence or arguments regarding defendant's mental health. The Government notes that Defendant has not filed any motion indicating intent to pursue an insanity defense or present expert testimony regarding any mental disease or defect. A report from Dr. David Szyhowski was introduced to the Court, in which Szyhowski indicated that Defendant's mental health was "stable" and that any symptoms Defendant was experiencing stemmed from anxiety

associated with the criminal proceedings. The Government argues that this report is not relevant to guilt or innocence. Smartt indicated in the Final Pretrial Conference that he did not object to this motion and did not intend to attempt to introduce evidence related to his mental health. Accordingly, the Motion is granted.

## VI. Government's Motion in Limine Regarding Sexual Behavior of Complaining Witness (Doc. 38)

The Government seeks an order precluding evidence regarding the complaining witness' sexual behavior or predisposition.

Federal Rule of Evidence 412(a) prohibits evidence offered to prove that a victim engaged in other sexual behavior or to prove a victim's sexual predisposition. Federal Rule of Evidence 412(b) offers certain limited exceptions, namely (A) to prove someone other than defendant was the source of physical evidence, (B) to prove consent or if offered by the prosecutor, and (C) where exclusion would violate defendant's constitutional rights. The Government has indicated that it does wish to introduce evidence that Smartt impregnated the complaining witness. Smartt indicated in the Final Pretrial Conference that he did not intend to explore the complaining witness's sexual history but did wish to use her statements regarding the paternity of her child to impeach her testimony. The Court finds that the complaining witness's statement that Smartt was not the father of her child may be used for purposes of impeachment, but otherwise grants the Motion.

## VII.   Government's Motion in Limine Regarding Guardianship of the Complaining Witness's Child (Doc. 38)

The Government argues that any evidence regarding the fact that the Illinois Department of Children and Family Services has custody of the victim's child and is seeking to terminate Defendant's parental rights is irrelevant. Defendant has not indicated that he intends to raise this issue or feels that it is relevant to his defense. Accordingly, the Motion is granted.

## VIII.   Smartt's Motion in Limine Regarding Other-Act Evidence and Paternity (Doc. 82)

Smartt seeks to prevent the Government from eliciting DNA evidence of paternity and also from introducing multiple pictures alleged to be child pornography depicting the victim. Defendant argues that in both cases introducing the evidence in question is not direct evidence of the elements of the charged offense and is instead impermissible propensity evidence. Any probative value that this evidence may have, Smartt argues, is clearly outweighed by its prejudicial effect.

At the Final Pretrial Conference, the Government argued that the DNA evidence and photographic evidence (1) are direct evidence of the offense charged, (2) even if not direct evidence, would serve to corroborate the statements of the complaining witness. The Government further argued that the evidence in question should be admitted under Federal Rule of Evidence 403, as the probative value is not substantially outweighed by unfair prejudice.

Federal Rule of Evidence 404(b) generally prohibits the admission of evidence of other acts for the purpose of proving a person's character or propensity to act in a certain

way, absent certain limited exceptions. The Seventh Circuit in *United States v. Gomez*, 763 F.3d 845, 852-60 (7th Cir. 2014), outlined the approach to be used in determining when such evidence is admissible. Under *Gomez*, the Court must first look to whether the evidence is in fact being introduced as direct evidence of a matter at issue other than propensity. If the evidence is truly not direct, the Court must then proceed to examining the relevance of the evidence and its sufficiency, *i.e.*, its probative value. *Id.* at 853-544.

In support of its contention that the evidence in question is in fact direct evidence of the elements of the offense charged, the Government notes that 18 U.S.C. § 2251(a) requires a showing that the defendant "inten[ded] that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct[.]" Accordingly, the Government contends that the production of the single image with which Smartt is charged may not on its own be sufficient to persuade a fact-finder beyond a reasonable doubt that the image constituted sexual conduct and was produced with the intent of capturing a visual depiction of sexual conduct. Rather, the Government argues that the admission of a uncharged images, together with Smartt's text messages from that period, provide direct evidence that Smartt took the particular photo charged with the intent of capturing a visual depiction of sexual conduct. The Government further noted at the Final Pretrial Conference that admission of uncharged images could be limited to a smaller subset of images taken close in time to the charged image.

In support of this position, the Government refers to *United States v. Carson*, 870 F.3d 584 (7th Cir. 2017), noting this case as a post-*Gomez* decision in which the Seventh

Circuit explicitly found evidence of other "bad acts" to in fact be direct evidence of the charged offense. *Carson*, however, dealt with sex trafficking, a crime which deals with a pattern of behavior occurring over time and involving key questions of intent and consent.

The Court is not convinced that, as Smartt argues, the mere fact that a photo was taken of a minor's genitalia would per se be sufficient to show that the photo was taken with the intent to capture sexual conduct—the statute does to some extent implicate the defendant's subjective intent, and thus evidence that illuminates the defendant's intent at the time that the photo charged was taken is certainly relevant to proving the charge. Accordingly, the Court is inclined to find the evidence in question to be direct evidence of the charged conduct.

Recognizing, however, that because the conduct in question in this case does not extend over a lengthy period of time and involve multiple acts and complex relationships as did the charges in cases such as *Carson*, the Court notes that the direct relationship between the evidence and the elements of the offense is somewhat more tenuous here than in *Carson*. Thus, the Court will briefly address the latter portion of the *Gomez* standard, reviewing the sufficiency and relevance of the evidence in question against its potential for unfair prejudice.

Taken together, the paternity test, Smartt's text messages, and the string of ten additional lascivious images taken over a short span of time in a single trip taken with the complaining witness present a very distinct picture of Smartt's conduct and his intent in the taking of the charged image. It is straightforward to find that the evidence in

question is both relevant and highly probative. The Court notes that such evidence does have the potential to be prejudicial. But the Court concludes that by confining the evidence admitted to the paternity texts and the smaller subset of ten images taken around the same time as the charged conduct, this potential prejudice can be mitigated. The Court finds that this prejudice is not unfair, and it is outweighed by the significant probative value of the evidence in question.

Accordingly, the Court grants in part and denies in part the Motion, permitting the admission of the paternity test and permitting the admission of the additional uncharged images, but only those ten images taken in the same limited time period as the charged image.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS in part** and **DENIES in part** the Government's Motions in Limine (Doc. 38), and **GRANTS in part** and **DENIES in part** Smartt's Motion in Limine (Doc. 82).

**IT IS SO ORDERED.**

DATED:   October 9, 2020

                                                                            _____
                                                                            **NANCY J. ROSENSTENGEL**
                                                                            **Chief U.S. District Judge**